**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

IVAN CERVANTES DAMIAN,          )
                                )
            Petitioner,          )
                                )
       v.                        )     1:14CV285
                                )
FRANK L. PERRY,[1]               )
                                )
            Respondent.          )


**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On June 8, 2011, in the Superior Court of Durham County, Petitioner entered an Alford plea to human trafficking child victim, indecent liberties with a child, sexual servitude child victim, and involuntary servitude child victim, in cases 10 CRS 8999-9000, and received a sentence, pursuant to his plea agreement, of 72 to 96 months imprisonment. (Id., ¶¶ 1-6; id. at 58-61, 65-66.)[2] He did not appeal. (Id., ¶ 8.)

---

[1] Consistent with Rule 2(a) of the Rules Governing Section 2254 Cases, the Petition in this case originally named Kieran Shanahan (misspelled as "Shenahan"), then-Secretary of the North Carolina Department of Public Safety, as Respondent. (Docket Entry 2.) Frank L. Perry currently serves in that position, see https://www.ncdps.gov/Index2.cfm?a=000003,000008,000153,002681 (last visited Jan. 27, 2015), and, by operation of Federal Rule of Civil Procedure 25(d) (applicable to this proceeding pursuant to Rule 12 of the Rules Governing Section 2254 Cases), now appears as Respondent.

[2] The Petition indicates that Petitioner proceeded to a bench trial in his State criminal case (see Docket Entry 2, ¶ 6(c));

On September 16, 2013, Petitioner filed a Motion for Appropriate Relief ("MAR") with the trial court. (Id., ¶ 11(a); id. at 38-52.)[3] On October 10, 2013, the trial court summarily denied Petitioner's MAR. (Id., ¶ 11(a); id. at 37.) Petitioner then filed a Motion for Reconsideration of the denial of his MAR with the trial court on October 23, 2013. (Id. at 31-36.) The trial court denied the Motion for Reconsideration. (Id. at 30.)[4] Petitioner then sought certiorari review with the North Carolina Court of Appeals on February 24, 2014. (Id. at 22-29.)[5] On March

---

however, it appears Petitioner misunderstood the question or made a typographical error as he previously acknowledged that he had pled guilty (see id., ¶ 6(a)) and other filings clarify that he did not go to trial (see, e.g., id. at 58-61).

[3] Petitioner dated his MAR on September 16, 2013 (Docket Entry 2 at 51), but the trial court did not file the MAR until September 19, 2013 (see id. at 37). As either date leads to a recommendation of dismissal, the undersigned need not address the discrepancy.

[4] The trial court appears to have made a typographical error in its Order denying the Motion for Reconsideration. The trial court's Order states that Petitioner filed the Motion for Reconsideration on October 23, 2013, but the trial court dated the Order as entered on October 20, 2013. (See Docket Entry 2 at 30.) The record contains a copy of the Order with a faded file stamp, making it difficult for the undersigned to determine the date of filing. (See id.) Respondent states that the trial court filed the Order on November 1, 2013 (Docket Entry 7 at 1), as does Petitioner (see Docket Entry 2, ¶ 11(c)(8)). As the one-year limitations period had already expired, the undersigned need not address the discrepancy.

[5] The North Carolina Court of Appeals listed the certiorari petition as filed on February 26, 2014. (Docket Entry 2 at 12.) As the one-year limitations period had already expired, the undersigned need not address the discrepancy.

2

10, 2014, the North Carolina Court of Appeals denied that certiorari petition. (Id. at 12.)

Finally, Petitioner signed the instant Petition, under penalty of perjury, and dated it for mailing on March 28, 2014 (id. at 11), and the Court stamped and filed the Petition on April 4, 2014 (id. at 1).[6] Respondent moved to dismiss the Petition as untimely (Docket Entry 6), and Petitioner responded (Docket Entry 9). For the reasons that follow, the Court should grant Respondent's instant Motion because Petitioner filed his Petition outside of the one-year limitations period.

## **Petitioner's Claims**

The Petition raises four grounds for relief: (1) "Violation of Vienna Convention[] [r]ights" (Docket Entry 2 at 4) because Petitioner did not receive "consular visits established by Article 36 of the Vienna Convention" (id. at 27); (2) "Invalid guilty plea" (id. at 5) because "the [p]lea was not knowing, voluntary and neither [sic] intelligent" (id. at 27); (3) "Cruel and [u]nusual [p]unishment when sentence imposed was grossly [d]isproportionate" (id. at 6); and (4) "Ineffective [a]ssistance of [c]ounsel" (id. at 7) because his counsel "fail[ed] to investigate into the [e]lements of all alleged crime, evidences, and to object in time and form

---

[6] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on March 28, 2014, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (See Docket Entry 2 at 11.)

3

[to] the State[']s 'FACTUAL BASIS'" (id. at 49 (emphasis in original)).[7]

## **Discussion**

Respondent moves to dismiss the Petition on the grounds that Petitioner filed his Petition outside of the one-year limitations period, see 28 U.S.C. § 2244(d)(1). (Docket Entry 7 at 3-12.) In order to assess Respondent's statute of limitations argument, the undersigned must first determine when Petitioner's one-year period to file his Section 2254 Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[7] Petitioner did not reargue or provide support for these grounds of relief in his Petition; rather, he merely reincorporated his state court filings into his Petition. This practice burdens the Court with the task of reviewing Petitioner's filings, violates Local Rule 7.2(a)(2), and brings with it the possibility of consequences. See Stephenson v. Pfizer Inc., No. 1:13CV147, 2014 WL 4410580, at *1 n.1 (M.D.N.C. Sept. 8, 2014) (unpublished). Respondent should also cite specifically to the record rather than to "copy attached to federal habeas petition" (Docket Entry 7 at 1-2).

4

>     (C) the date on which the constitutional right
>     asserted was initially recognized by the
>     Supreme Court, if the right has been newly
>     recognized by the Supreme Court and made
>     retroactively applicable to cases on
>     collateral review; or
>
>     (D) the date on which the factual predicate of
>     the claim or claims presented could have been
>     discovered through the exercise of due
>     diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must assess timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005). Neither Petitioner nor Respondent argue that subparagraphs (B) or (C) apply in this situation. (See Docket Entries 2, 3, 5, 6, 7, 9.) However, Petitioner does assert that subparagraph (D) applies. (Docket Entry 2 at 10; Docket Entry 9 at 3.) Alternatively, Petitioner contends, for reasons detailed below, that the statute of limitations should not prohibit the Court from addressing the merits of his case. (Docket Entry 9 at 3-8.) Thus, the undersigned must next examine the applicability of subparagraph (A) and (D) to decide when the statute of limitations commenced.

Under subparagraph (D), the one-year limitations period begins when the factual predicate of a claim "could have been discovered through the exercise of due diligence," not upon its actual discovery. 28 U.S.C. § 2244(d)(1)(D); Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004); see also Johnson v. Polk, No. 1:07CV278, 2008 WL 199728, at *3 (M.D.N.C. Jan. 22, 2008)

5

(unpublished) (Tilley, J., adopting recommendation of Sharp, M.J.) ("Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins to run when the petitioner knows, or through due diligence could discover, the important facts underlying his potential claim, not when he recognizes their legal significance.").

Although Petitioner contends that subparagraph (D) applies, he does not elaborate on the reasoning for its application to his grounds of relief or identify the grounds to which it should apply. (See Docket Entry 9 at 3-8.) Instead, Petitioner's arguments mainly address the need for equitable tolling of the statute of limitations. (Id.) Thus, Petitioner has not borne "the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim . . . ." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). In an abundance of caution, the undersigned nonetheless will review the applicability of subparagraph (D) to Petitioner's claims.

At the time Petitioner pled guilty, he either knew or through due diligence should have known whether he received a consular visit in accord with Article 36 of the Vienna Convention; whether he knowingly, intelligently, and voluntarily pled guilty; the length of his sentence; whether his appointed counsel investigated the charges against him; and whether his appointed counsel objected to the State's factual basis. Thus the undersigned finds no basis

for application of subparagraph (D) to Petitioner's grounds for relief.

Under subparagraph (A), Petitioner's conviction, for purposes of the statute of limitations, became final, at the latest, on June 22, 2011 - the final day with which he could have appealed his conviction. See N.C.R. App. P. 4(a)(2) (requiring a notice of appeal within fourteen days of the entry of judgment); see also Gonzalez v. Thaler, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012) (holding that a petitioner's case becomes final when the time for pursuing direct review expires). Petitioner's one-year period ran from June 22, 2011, until its expiration on June 22, 2012. Petitioner did not file his instant Petition until March 28, 2014. (See Docket Entry 2 at 11.) Thus, Petitioner filed his Petition well beyond the one-year limitations period. Although Petitioner filed a MAR in state court, the statute of limitations had already run, and the belated filing could not revive the already expired one-year limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings made after the federal limitations period do not restart or revive the federal limitations period).

Despite the instant Petition's untimeliness, Petitioner requests the Court to address the merits of his Petition. (See Docket Entry 9.) Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of

limitations for habeas claims, see 28 U.S.C. § 2244(d)(1), a court can equitably toll the one-year limitations period, see Holland v. Florida, 560 U.S. 631, 634 (2010). Equitable tolling requires that Petitioner demonstrate that (1) he has diligently pursued his rights, and (2) extraordinary circumstances prevented a timely filing. Id. at 649. Equitable tolling involves a case by case analysis. Id. at 649-50.

Here, Petitioner argues Trevino v. Thaler, __ U.S. __, 133 S. Ct. 1911 (2013), and Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012), provide an exception to the statute of limitations; further, Petitioner lists his actual innocence, his lack of legal fluency, denial of assistance by North Carolina Prisoner Legal Services, and the lack of access to a law library as reasons to toll the statute of limitations. (See Docket Entry 9 at 3-8.) The undersigned will consider each argument in turn.

Both Trevino and Martinez addressed whether a court could bypass the procedural default rule to review claims of ineffective assistance of counsel in certain situations. See Trevino, 133 S. Ct. at 1915; Martinez, 132 S. Ct. at 1313. In both cases, the Supreme Court held that where petitioners, under state law or as a matter of practice, cannot claim ineffective assistance of counsel on direct review, the procedural default rule will not prevent a federal court from reaching the issue if petitioners had either no counsel or ineffective counsel in the initial-review collateral

proceeding.  Trevino, 133 S. Ct. at 1921; Martinez, 132 S. Ct. at 1320.  Neither case overruled or even addressed the statute of limitations as Petitioner claims (see Docket Entry 9 at 4).  See Trevino, 133 S. Ct. at 1911; Martinez, 132 S. Ct. at 1309.  Thus, Trevino and Martinez provide no assistance to Petitioner.  See Arthur v. Thomas, 739 F.3d 611, 630-31 (11th Cir.) (holding that Martinez and Trevino do not affect applicability of Section 2254's statute of limitations), cert. denied, __ U.S. __, 135 S. Ct. 106 (2014).

Petitioner also contends that his actual innocence ought to prevent application of the statute of limitations.  (Docket Entry 9 at 6-8.)  The United States Supreme Court has recognized that a showing of actual innocence may excuse noncompliance with the one-year limitations period.  McQuiggin v. Perkins, ___ U.S. ___, ___, 133 S. Ct. 1924, 1928 (2013).  However, the Court also recognized that showings of actual innocence "are rare," and that a petitioner must demonstrate that no reasonable juror could vote to find the petitioner guilty beyond a reasonable doubt.  Id.  In this case, Petitioner puts forth only conclusory allegations of innocence without any supporting evidence.  Petitioner does not present the "rare" case required by McQuiggin.

Petitioner's final arguments - that he lacks legal fluency, North Carolina Prisoner Legal Services denied assistance, and he lacks access to a law library - do not provide a sufficient basis

9

for tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[I]gnorance of the law is not a basis for equitable tolling."); Johnson v. Beck, No. 1:08CV336, 2008 WL 3413303, at *4 (M.D.N.C. Aug. 8, 2008) (refusing to toll when prisoner did not have access to a library, but did have access to North Carolina Prisoner Legal Services), recommendation adopted, slip op. (Docket Entry 17) (M.D.N.C. Feb. 12, 2009); Rhew v. Beck, 349 F. Supp. 2d 975, 978 (M.D.N.C. 2004) (Osteen, Sr., J, adopting recommendation of Eliason, M.J.) (refusing to toll when prisoner cited delays by North Carolina Prisoner Legal Services), appeal dismissed, 158 F. App'x 410 (4th Cir. Dec. 13, 2005) (unpublished). Additionally, Petitioner provides no support for these contentions beyond his own conclusory allegations, and conclusory allegations will afford Petitioner no relief. See San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."). Furthermore, Petitioner's ability to file his MAR and to petition for a writ of certiorari in state court notwithstanding these conditions undermine his request for tolling.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 6) be granted, the Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action, without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 29, 2015